### 6907.    HESTERS v. THE STATE.

BROYLES, J.    1. The alleged newly discovered evidence, being merely cumulative and impeaching in its nature, does not require a new trial.
2. There was some evidence to authorize the verdict, and there was no material error of law.    *Judgment affirmed. Russell, C. J., dissents.*
DECIDED DECEMBER 9, 1915.

Indictment for sale of liquor; from Berrien superior court—Judge Thomas.    August 14, 1915.

*Hendricks, Mills & Hendricks,* for plaintiff in error.

*J. A. Wilkes, solicitor-general,* contra.

RUSSELL, C. J., dissenting.    I agree that the newly discovered evidence affords no grounds for granting a new trial; and there is nothing in the objection that the witness was permitted to give his opinion, for whatever it was worth, that the liquid in question was whisky.    It is also true that there was some evidence which au-

thorized the verdict. The exception contained in the fourth ground of the amendment to the motion for a new trial would be good if the point had been properly presented. It would never do to hold that any court can allow proof of the bad character of the accused to be put in evidence over proper and timely objection, and then assert that the error was removed by the subsequent withdrawal of that testimony from the jury. The nail would be pulled out of the hole, but the hole would be ever present in the mind of the jury in their further consideration of the case. This ground of the motion for a new trial can not be considered, however, because the statement that the court allowed the solicitor to go into the character of the defendant, so far as the assignment of error is concerned, is a mere matter of conclusion, the evidence elicited by the solicitor and permitted by the court not being embodied in this ground of the motion.

I feel compelled to dissent from the conclusion reached by my colleagues because I think this case is absolutely controlled by the well-settled principle referred to in *Sharpton* v. *State,* 1 *Ga. App.* 542 (57 S. E. 929), and embodied in the code (Penal Code, § 1058; Civil Code, § 4863). The crucial question in this case was whether the liquid sold by the accused was whisky. On cross-examination his counsel (as I think he had the right to do), after a witness had testified that he "would not swear it was whisky, but that it looked red," propounded the following question: "Is there anything else that looks red?" The witness answered, "Yes, sir." At this point the court turned to the witness and asked, "Was it soda-water?" The witness answered, "No, sir." As stated in *Sharpton's* case, it is difficult to lay down any precise limitation upon the judge's exercise of his right to examine a witness. But the provisions of the code section are absolutely mandatory, and in any case where it is plain that the question asked by the court, at the time when it is asked and in the manner in which it is asked, and upon the subject to which it is directed, contains a clear intimation of an opinion, a new trial should be granted. In the present case the court did not wait until the cross-examination had been concluded. The sole question upon which the mind of the jury was necessarily fixed was whether or not the liquid in question was intoxicating, and the interjection of the inquiry as to whether the liquid in question was soda-water, a non-intoxicant, to my mind was likely to impress the jury that the court was of the opinion that it was

so clear from what the witness had stated (especially in view of the fact that the court had just overruled the objection interposed to the opinion of the witness that the liquid was whisky) that the State had shown that the liquid was intoxicating that the question asked by counsel was ridiculous and a useless consumption of time. The effect on the mind of the jury would have been the same if the court was of the opinion that there was some red soda-water and the witness had answered, "No;" as it would have limited the number of liquors upon which the defendant might rely as creating a reasonable doubt, even though they were red, as to whether he in fact sold an intoxicant. In my judgment, it is far better practice in a criminal case for the judge to postpone any inquiries he may desire to make until counsel have concluded the examination and exercised their right of cross-examination, and I attach no little importance to the probable effect on the mind of the jury, due to the fact that the court "at that moment" (the moment that counsel had asked whether there was anything else that looked red) propounded the question, "Was it soda-water?"

I think the jury were so likely to have been impressed by the question of the court, prejudicially to the accused, that the defendant should have another trial.